ORIGINAL

# In the United States Court of Federal Claims

No. 17-1278T
(Filed: March 7, 2018)

FILED
MAR - 7 2018
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| CYNTHIA GRIGSBY, Plaintiff, | * |
| v. | * |
| THE UNITED STATES, Defendant. | * |

## ORDER OF DISMISSAL

On September 14, 2017, Cynthia Grigsby ("Plaintiff"), acting *pro se,* filed a complaint in this Court. Specifically, Plaintiff seeks (1) a refund of income tax for the 2012 tax year; (2) a refund that the IRS applied to her outstanding balance for the 2012 tax year; (3) reimbursement of a tax levy of $138.55; (4) reimbursement of court costs; (5) "open tax years/approval to correct prior year tax return submissions"; (6) approval to record balance due amounts as tax payments; and (7) closure of IRS notices that reflect tax year 2012 liability amounts. Compl. 27.

In response, the United States ("Defendant") filed a Motion to Dismiss pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") for lack of subject matter jurisdiction, arguing that, among other things, Plaintiff filed her complaint after the statute of limitations period expired and failed to file the requisite administrative claim with the Internal Revenue Service ("IRS") for her additional refund claims.

Plaintiff's response was due to be filed on February 12, 2018. However, to date, Plaintiff has failed to file a response. Even though Plaintiff has not responded, the Court will not delay its ruling. *Thompson v. United States*, 103 Fed. Cl. 16, 17 (2011) (When a plaintiff does not respond to defendant's motion to dismiss and has "ample opportunity to file a response brief," the Court sees "no reason to delay its ruling.").

For the reasons set forth in this opinion, the Court hereby **GRANTS** Defendant's Motion to Dismiss.

7017 1450 0000 1346 1253

## I. Facts

### A. 2012 Income Tax Refund

On June 25, 2013, Plaintiff filed her income tax return for 2012. Def. Mot. to Dis. Ex. 1 at 2 ("Mot."). She requested and received a refund of $2,825. *Id.* Plaintiff then filed five amended tax returns for 2012 on November 5, 2013, April 6, 2014, April 24, 2014, September 30, 2014, and April 7, 2015, claiming another refund. Mot. Ex. 1 at 2; Ex. 2 at 6; Mot. Ex. 3 at 6, 9-10; Ex. 4 at 25-26; Ex. 5 at 28-29; Ex. 6 at 41-42.

The IRS sent Plaintiff a notice by certified mail on February 10, 2015, that partially disallowed the refund claims relating to her amended tax returns ("First Notice"). Mot. Ex. 7 at 44-45. This First Notice concluded with "[i]f you have questions, you can call us toll free" or "[i]f you prefer, you can write to us." *Id.*

Another notice was sent by certified mail to Plaintiff on May 27, 2015, that fully disallowed her refund claims ("Second Notice"). Mot. Ex. 8 at 47-51. The Second Notice stated that Plaintiff could appeal the IRS's decision to the IRS Appeals Office, United States District Court, or United States Court of Federal Claims "within 2 years *from the date of this letter*." The letter further provided, "[i]f you decide to appeal our decision first, the 2-year period *still begins from the date of this letter*." Mot. Ex. 8. (emphasis added).

Thereafter, Plaintiff timely filed an appeal with the IRS Appeals Office on June 20, 2015. Mot. Ex. 9. The Appeals Office denied Plaintiff's claim on September 16, 2015. Mot. Ex. 10. This letter stated that Plaintiff could file suit in the United States Court of Federal Claims "within two-years from the date on the letter denying your claim, which the Memphis IRS Campus mailed to you on *February 10, 2015*." It also noted that "[y]our two-year period has NOT been shortened or extended by our reconsideration of your claim." *Id.* (emphasis added).

### B. Refund Claims for $247 and $489.44

On June 3, 2015, the IRS sent Plaintiff a letter informing her of an outstanding balance for the 2012 tax year based on the amended return that Plaintiff filed in September of 2014. Mot. Ex. 11. Consequently, the IRS applied Plaintiff's refunds of $489.44 for the 2011 tax year and $247 for the 2013 tax year to the outstanding balance. Mot. Ex. 1, 12-13.

### C. Tax Levy for the 2014 Tax Year

Plaintiff had an income tax liability for year 2014. Mot. Ex. 14 at 69-72. On April 18, 2016, the IRS notified Plaintiff of its intent to levy her assets for unpaid taxes and the right to request a Collection Due Process hearing to appeal the proposed levy action. *Id.*; Mot. Ex. 15 at 73-76. The record shows that Plaintiff did not appeal, and on July 1, 2016, the IRS levied Plaintiff's bank account for $138.55. Mot. Ex. 16 at 77.

## II. Legal Standard

### A. *Pro Se* Pleadings

Parties acting *pro se* are generally held to "less stringent standards" than professional lawyers. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Forshey v. Principi*, 284 F.3d 1335, 1357 (Fed. Cir. 2002). Such leniency, however, does not allow the court to excuse failure to comply with a court's jurisdictional requirements. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995) ("The fact that [plaintiff] acted *pro se* in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be.").

### B. Statute of Limitations under 26 U.S.C. § 6532(a)(1)

Pursuant to 26 U.S.C. § 7422(a), this Court has jurisdiction to entertain suits for tax refunds. 26 U.S.C. § 6532(a)(1) provides the statute of limitations for such suits:

> "no suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section … nor after the expiration of *2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates*."

26 U.S.C. 6532(a)(1) (emphasis added).

Additionally, subsection (a)(4) provides that:

> "any consideration, reconsideration, or action by the Secretary with respect to such claim following the mailing of a notice by certified mail or registered mail of disallowance shall not operate to extend the period within which suit may be begun."

26 U.S.C. § 6532(a)(4).

The sole exception to this rule is found in subsection (a)(2) which dictates that "the 2-year period . . . shall be extended for such period as may be agreed upon in writing between the taxpayer and the Secretary." 26 U.S.C. § 6532(a)(2). Therefore, following the statute, a taxpayer has two years from the Notice of Disallowance to file a complaint unless the claim is extended by mutual agreement.

### C. Motion to Dismiss under RCFC Rule 12(b)(1)

When faced with a motion to dismiss for lack of subject matter jurisdiction, a court must assume that all undisputed facts alleged in the complaint are true, and it must

draw all reasonable inferences in the plaintiff's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see also Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995). Plaintiff bears the burden of proof to establish subject matter jurisdiction, and must do so by a preponderance of the evidence. *Alder Terrace, Inc. v. United States,* 161 F.3d 1372, 1377 (Fed. Cir. 1998); *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed. Cir. 1988).

## III. Discussion

Defendant raises four arguments with regard to its Motion to Dismiss for lack of subject matter jurisdiction. First, Defendant argues that Plaintiff's complaint is untimely. Second, Defendant asserts that Plaintiff failed to file an administrative claim with the IRS regarding her additional refund claims. Third, Defendant argues that Plaintiff is not a third party, thus, she cannot initiate a wrongful levy action. Fourth, Defendant asserts that the Court lacks jurisdiction to grant equitable relief in these circumstances.

Even looking at the case in the view most favorable to the Plaintiff, the Court must dismiss the case for lack of jurisdiction.

### A. Two-Year Statute of Limitations Precludes Plaintiff's 2012 Refund Claim.

In order for the Court to have jurisdiction, a tax suit must be filed in the U.S. Court of Federal Claims within "2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates." 26 U.S.C. 6532(a)(1). Here, Plaintiff received her first notice of partial disallowance by certified mail on February 10, 2015. According to the statute, therefore, her complaint must have been filed no later than February 10, 2017. On May 27, 2015, Plaintiff received a second notice of disallowance by certified mail. Even if the Court were to use this second notice as the operative date, in order for her complaint to be timely in this Court, it needed to be filed no later than May 27, 2017. Plaintiff filed her complaint in this Court on September 14, 2017. Clearly, this is outside the two-year statutory limitation.

Moreover, the denial letter from the IRS Appeals Office specifically stated that the statutory time limitation "has NOT been shortened or extended by our reconsideration of your claim."[1] Therefore, the 2012 refund claim is jurisdictionally time-barred.

Furthermore, there is no evidence of a written agreement between the parties to extend the filing period pursuant to 26 U.S.C. § 6532(a)(2). Therefore, because there was

---

[1] Although Plaintiff filed her complaint within two years of the IRS Appeals Letter sent on September 16, 2015, the date of the Appeals Letter is not the operative date. Under the statute, the filing period ends two years from the date of the notice of disallowance.

no agreement, the complaint is time-barred, and the 2012 refund claim must be dismissed for lack of subject matter jurisdiction.

### B. Plaintiff Failed to File Requisite Administrative Claim with the IRS for Refund Claims of $247 and $489.44.

Pursuant to 26 U.S.C. § 7422(a), a plaintiff must file a timely administrative claim with the IRS before filing suit in this Court. 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax . . . until a claim for refund or credit has been duly filed with the Secretary."). There is no evidence that Plaintiff has completed the requisite filing with the IRS, therefore, the Court does not have jurisdiction over this claim for refund, and the counts must be dismissed.

### C. No Third Party Initiated Plaintiff's 2014 Tax Levy Reimbursement Claim.

26 U.S.C. § 7426(a)(1) provides in pertinent part that:

> "[i]f a levy has been made on property or property has been sold pursuant to a levy, *any person (other than the person against whom is assessed the tax out of which such levy arose)* who claims an interest in or lien on such property and that such property was wrongfully levied upon *may bring a civil action against the United States in a district court of the United States*."

26 U.S.C. § 7426(a)(1) (emphasis added). Thus, the statute is clear: a third party must initiate a wrongful levy action against the government. *Id.*; *EC Term of Years Tr. v. United States*, 550 U.S. 429, 433 (2007). Here, Plaintiff is not a third party, therefore, Plaintiff's wrongful levy claim falls outside the Court's jurisdiction, and this count must be dismissed.

### D. The Court lacks subject matter jurisdiction over Plaintiff's claims for injunctive and declaratory relief.

Plaintiff seeks "open tax years/approval to correct prior year tax return submissions"; approval to record balance due amounts as tax payments; and closure of IRS notices that reflect tax year 2012 liability amounts. Compl. 27.

In addition to tax refund suits, the Court has jurisdiction over specific classes of tax cases, including claims for the allowance of interest on a tax refund and suits under an express contract made by the IRS to pay an informer's award. *See Cambridge v. United States*, 558 F.3d 1331 (Fed. Cir. 2009). Pursuant to 28 U.S.C. § 1507, the Court possesses jurisdiction pursuant to 26 U.S.C. § 7428 to hear declaratory judgment actions regarding organizations' tax exempt status. Also, pursuant to 28 U.S.C. § 1508, the Court has jurisdiction over cases dealing with partnership taxes and corporations. None

of these limited circumstances are present in this case. Therefore, Plaintiff's declaratory and injunctive relief must be dismissed for lack of subject matter jurisdiction.

## IV. Conclusion

For the reasons set forth above, the Court hereby GRANTS Defendant's Motion to Dismiss.[2] The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Senior Judge
for
EDWARD J. DAMICH
Senior Judge

[2] Defendant also argues that Plaintiff should not recover court costs. Since this case must be dismissed, the Court does not consider Plaintiff's claim for reimbursement of court costs. *See* 26 U.S.C. § 7430 (taxpayer must be the "prevailing party" to recover court costs).